UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL BENZ,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CLOROX COMPANY,<br><br>        Defendant. | Case No. 13-cv-01361-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 41 |

Defendant has filed an administrative motion to file under seal three documents filed in support of its motion for summary judgment: (1) Exhibit A to the Rajaratnam Declaration, outlining initiatives from the "Global Insights Department"; (2) Exhibit 7 to the Bolding Deposition, outlining Clorox's internal performance review process; and (3) Exhibit 17 to the Bolding Deposition, containing confidential performance information of current and former Clorox employees.  Docket No. 41.

As these documents have been submitted in conjunction with defendant's motion for summary judgment, the Court starts from the strong presumption of access to public records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. Haw. 2006).  That presumption can only be overcome if the party seeking to seal information meets a "high threshold" and provides "sufficiently compelling reasons" that override the public policies favoring disclosure.  *Id*.  Compelling reasons exist, for example, when court files might become a vehicle for "improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.  *Id*. at 1179.

Applying this standard, the Court DENIES the motion to seal as to Exhibit A to the Rajaratnam Declaration and Exhibit 7 to the Bolding Deposition.  These documents contain only generalized statements of company goals and common strategies for evaluating employee

performance. They do not contain any detailed trade secret information, the release of which *would* harm Clorox. The declaration submitted in support of the motion to seal says only that release of these documents "could potentially" cause Clorox some unidentified harm to its "competitive advantage." That is insufficient to justify sealing these records.

As to Exhibit 17 to the Bolding Deposition, the Court GRANTS the motion to seal. Release of performance information of current and former employees implicates those employees' privacy rights and could be used for improper purposes.

Therefore, the Clerk is directed to UNSEAL Exhibit A to the Rajaratnam Declaration – Docket No. 41-4. The Clerk is directed to UNSEAL Exhibit 7 to the Bolding Deposition – Docket No. 41-6. Exhibit 17 to the Bolding Deposition, Docket No. 41-8, shall REMAIN FILED UNDER SEAL.

**IT IS SO ORDERED**.

Dated: February 13, 2014

_____
WILLIAM H. ORRICK
United States District Judge